SCHLOENER (STRINGHAM v.). See Case No. 13,536.

---

## Case No. 12,460.
### SCHMAIRE et. al. v. MAXWELL.
[3 Blatchf. 408.] [1]

Circuit Court, S. D. New York. Jan. 23, 1856.

CUSTOMS DUTIES—APPRAISEMENT—HOW TREATED—OBJECTIONS TO—HOW MADE—PROTEST—DEPUTY COLLECTOR—POWERS.

1. In an action to recover back duties, no exception can be taken to an appraisement of goods, which does not appear on the face of it, unless the exception is distinctly and specifically pointed out in a protest, as required by the act of February 26th, 1845 (5 Stat. 727).

2. A collector has power, with the sanction of the secretary of the treasury, to appoint as many deputies as may be necessary; and such deputies, unless restricted, are necessarily clothed with the power which their principal has.

3. Whenever an oath is required to be administered by a collector, a deputy collector may administer it.

4. Under the 8th section of the act of July 30th, 1846 (9 Stat. 43), an importer has a right to make, in his entry, an addition to the value of goods as contained in his invoice; but the additional duty or penalty of 20 per cent., imposed by that section, attaches, if the appraised value of the goods exceeds, by 10 per cent., the value in the entry, whether such addition has been made by the importer or not.

5. Under the 16th and 17th sections of the act of August 30th, 1842 (5 Stat. 563, 564), an appraisal of goods by the public appraisers is final and conclusive, unless the importer gives to the collector an absolute and unconditional notice of his dissatisfaction with such appraisal.
[Cited in Saxonville Mills v. Russell, 1 Fed. 124.]

6. Where the notice given to the importer was that the appraisement was not satisfactory, and that, "if desired," such evidence and statements would be produced to the collector as could be furnished, to satisfy him of the correctness of the invoice value: Held, that this was a conditional notice, and was either not an appeal from the appraisal, or was an abandonment of the appeal, and that the appraisal was final and conclusive.

7. If, on an appeal from an appraisal, a collector illegally refuses to order a re-appraisal, still the appraisal is not set aside by the appeal, and is conclusive till a re-appraisal is in fact made; and the only remedy of the importer is an action against the collector for his breach of duty.

This was an action against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties, and penalties for undervaluation, paid by the plaintiffs [John Schmaire and others] upon two importations of goods from Liverpool, in the year 1852, one in the Washington and one in the Asia.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

INGERSOLL, District Judge. The importation by the Washington was made on the 15th of May, 1852. An entry was made of the same at the custom-house, and the value as contained in the entry corresponded with the value set down in the invoice. The goods were obtained by the plaintiffs by purchase, and the purchase price was the price contained in the entry and invoice. The purchase was made about two months before the shipment. The appraisers appraised the value at more than 10 per cent. above the value contained in the entry. A re-appraisement was demanded by the plaintiffs, and the re-appraisers appraised the value at more than 10 per cent. above the value contained in the entry. Both the appraisal and re-appraisal were of the market value of the goods at the time they were shipped. Duties were exacted upon their value as found by the re-appraisal; and, also, a penalty for undervaluation. These payments were made under protest.

No cause of exception to the re-appraisal, which does not appear on the face of it, can be taken in this action, unless such exception is distinctly and specifically pointed out in the protest, as required by the protest act of February 26th, 1845 (5 Stat. 727). Bartlett v. Kane, 16 How. [57 U. S.] 263. Numerous cases to that effect have been decided by this court. The re-appraisal must stand as valid, unless a sufficient reason to make it invalid is particularly pointed out to the col-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

lector in the protest, and unless that reason, so particularly and specifically pointed out, is sustained by proof. The protest in this case is very long and diffuse. It deals very much in generals—such as, that the appraisals were not made according to law; that they were not fairly, impartially and legally made, by persons unprejudiced and duly qualified; and that proper testimony was not received. There are only two particular exceptions to the re-appraisals and the imposition of the increased duty, pointed out. They are, first, that the re-appraisers were not sworn by the defendant, and that the re-appraisal was therefore void; second, that "20 per cent. penalty, under the 8th section of the tariff act of 1846, cannot be exacted, except where the importer has raised his invoice prices on entry."

As to the first exception. Was the re-appraisement void, because the re-appraisers were not sworn by the defendant? The protest does not state that the re-appraisers were not sworn by some one authorized to administer the oath; or that they were sworn by such a particular person, and no one else, and that such particular person had no power to administer the oath to them. The protest is: "The re-appraisers were not sworn by you." The defendant gives three answers to this exception. The first answer is, that it is not necessary that the re-appraisers should be sworn by any one. The second is, that they can be sworn, if there is a necessity for it, by an appraiser. See section 17 of the act of August 30th, 1842 (5 Stat. 564). The third is, that if there is a necessity for their being sworn, and they cannot be sworn by an appraiser, they can be sworn by a deputy collector. The view I take of the case renders it unnecessary to consider the two first answers to this exception. The collector has power, with the sanction of the secretary of the treasury, to appoint as many deputies as may be necessary. A deputy, unless restricted, is necessarily clothed with the power which his principal has. In U. S. v. Barton [Case No. 14,534], it was decided, that when an oath was required to be administered by a collector, a deputy collector could administer it. This exception, therefore, must be adjudged not to be sufficient.

As to the second exception. It is this:—"20 per cent. penalty, under the 8th section of the tariff act of 1846, cannot be exacted, except where the importer has raised his invoice prices on entry." No such construction as this can be put upon the section of the act referred to. By that section, the importer has a right to make, in the entry, an addition to the cost or value given in the invoice. But the additional duty of 20 per cent attaches, if the appraised value exceeds, by 10 per cent., the value declared in the entry, whether such addition has been made to the entry or not. This exception, therefore, must be adjudged to be insufficient.

The importation by the Asia was made on the 4th of June, 1852. An entry was made of the same at the custom-house, and the value as contained in the entry corresponded with the value as contained in the invoice. The goods were obtained by the plaintiffs about two weeks before they were shipped. The appraisers appraised their value at more than 10 per cent. above the value contained in the entry. Duties were exacted and paid upon their value as found in the appraisement, and a penalty of 20 per cent., by way of additional duty. These payments were made under protest.

This protest is very general, like the protest in the case of The Washington,[2] and the two particular exceptions set out in that protest are not set out in this. There was served, in this case, a notice as follows: "You should not refuse us the appointment of a merchant appraiser, under the acts of 1823, 1830, and 1832." The question is—did the collector refuse the appointment of such appraiser? The only evidence of such refusal is a letter from the plaintiffs to the defendant, dated June 16th, 1852, as follows: "We have been informed that the U. S. appraisers have raised the woollens imported by us about the 3d instant, per the steamer Asia from Liverpool, 7½ per cent. The appraisement which has been made is not satisfactory, and, if desired, such evidence and statements will be produced to you, as can be furnished, to satisfy you of the fairness of our invoice, and of the foreign market price." The 16th section of the tariff act of August 30th, 1842 (5 Stat. 563), provides for the appraisal of imported goods by appraisers; and the 17th section enacts, that the appraisal which they may make shall be final and conclusive, giving a right, however, to the importer, if he is dissatisfied with such appraisal, upon his compliance with certain requisitions, and upon his giving written notice of such dissatisfaction to the collector, to have an appraisal by merchants, as provided in the act. An absolute unconditional notice of dissatisfaction is an appeal; and, upon such appeal, the collector must take measures for a re-appraisal. But such appeal may be abandoned, and, when it is abandoned, the original appraisement is final and conclusive. Bartlett v. Kane, 16 How. [57 U. S.] 263. But a notice of dissatisfaction, accompanied by a condition which is not recognized by law, is no appeal, and the collector has no right to regard such a notice. The notice in this case was, that the plaintiffs were not satisfied with the appraisement made by the appraisers, accompanied by the offer, that if the collector desired it, but not without, they would produce evidence to show that the value in the invoice was correct. They had a right, if they wished it, without any desire of the collector, to go before the merchant appraisers and show this. The notice fairly indicates that they did not wish or intend to do this, unless the collector desired it. It was their duty to do this, in order to nullify the ap-

[2] [Case No. 17,222.]

praisement which had been made. That was final and conclusive, until a re-appraisement should be made. The notice was, in substance: "We do not wish to do that which it is necessary for us to do to set aside the appraisement which has been made, unless you, the collector, desire it. We do not intend to prosecute our appeal, unless desired by you, the collector." And, as the collector had no desire on the subject, the appeal was, in effect, abandoned—as much abandoned as was the appeal in the case of Bartlett v. Kane, already referred to.

But, even if the collector had refused to appoint a merchant appraiser, as claimed, still the appraisement upon which the duties were levied would be valid. That appraisement was final and conclusive, until a new appraisement should be made. An appraisement by the appraisers is not set aside by an appeal merely, as is shown by the case of Bartlett v. Kane. It becomes of no effect, only when there has been another appraisement, upon the appeal. And, if the collector had refused to do his duty, in taking measures to have the appraisement revised, the only remedy for the plaintiffs would be an action on the case, against the collector, for such breach of duty, by means of which they were damnified. The conclusion is, that neither of the protests will avail the plaintiffs in this action, and that there must be a judgment for the defendant.

## Case No. 12,461.